# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Peter CAMPBELL Jr.
### Seaman Apprentice (E-2), U.S. Coast Guard

### CGCMSP 24947
### Docket No. 1441

### 11 September 2017

Special Court-Martial convened by Commander, Coast Guard Ninth Coast Guard District. Tried at Norfolk, Virginia, on 25 January 2016.

| | |
|---|---|
| Military Judge: | CDR Casey L. Chmielewski, USCG |
| Trial Counsel: | LT Michael O. Walker, USCGR |
| Assistant Trial Counsel: | LT Robert S. Poitinger, USCG |
| Defense Counsel: | LT Jason W. Roberts, USCGR |
| Assistant Defense Counsel: | LT Matthew C. Cox, JAGC, USN |
| Appellate Defense Counsel: | LCDR Michael J. Meyer, USCG |
| Appellate Government Counsel: | LT Sharyl L. Pels, USCGR |

## BEFORE
## McCLELLAND, HAMILTON & LUCE
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of two specifications of wrongful possession of marijuana and one specification of wrongful use of marijuana, in violation of Article 112a, Uniform Code of Military Justice (UCMJ); one specification of assault consummated by a battery, in violation of Article 128, UCMJ; and one specification of unlawful entry, in violation of Article 134, UCMJ. The military judge sentenced Appellant to confinement for one year, reduction to E-1, and a bad-conduct discharge. The Convening Authority approved the sentence except for confinement in excess of 180 days, in accordance with the pretrial agreement.

Before this court, Appellant has assigned as error that the military judge admitted improper evidence in aggravation and testimony contradictory to the stipulation of fact. We find no error and affirm.

**Improper evidence in aggravation**

During the presentencing hearing, two witnesses, covering two different periods at two different commands, testified concerning the actions taken by each command following receipt of information concerning his possession of marijuana in June 2015 and upon discovery of his possible use of marijuana in November 2015. The testimony included the impact on the commands. In the first instance, he was removed from independent duty as a gate watch and placed under extra supervision. (R. at 101-102.) In the second, personnel were called upon to secure and search Appellant's barracks room and collect a urinalysis sample from him. (R. at 114.) Appellant objected in advance to the testimony of each of the two witnesses, arguing that responses by the command are not proper aggravation because the command's choice in how to respond is an intervening circumstance so that the response did not directly relate to or result from the offense. (R. at 93, 110.) The military judge overruled the objections, but pointed out that the witnesses could be cross-examined on whether the commands had overreached or responded inappropriately. (R. at 95, 110-111.)

Appellant now renews this issue before us, citing *United States v. Rust*, 41 M.J. 472, 478 (C.A.A.F. 1995) ("Evidence is admissible on sentence which shows 'the specific harm caused by the defendant.'"). (Citation omitted.) We consider Appellant's removal from gate watch duty and extra supervision completely proper aggravation evidence, apparently necessary in the circumstances; the military judge did not abuse his discretion in deciding not to second-guess the command. The command's decision to search Appellant's room and conduct urinalysis on him may be of a somewhat different kind, but we see no reason to treat it differently. We reject Appellant's complaint concerning evidence about placing him on restriction, since there is no explicit evidence that he was placed on restriction, other than that he was "under observation with the JOOD and officer of the day" and restricted to the barracks through the weekend with the requirement to check in at certain hours. (R. at 114-115.) Since we cannot discern any

appreciable impact on the command from that information, we are confident that it was not considered against him by the military judge.

Even if the evidence should not have been admitted, we see no prejudice in that, without the evidence, his sentence would not have been less than the 180 days of confinement that was approved.

### Testimony contradictory to the stipulation of fact

According to a stipulation of fact, Appellant entered the stateroom of a female shipmate, BI, at 0100 in the morning, where he touched and rubbed her legs without her permission. (Prosecution Ex. 1 at 2.) He "subsequently withdrew his hands". (*Id.*) This part of the stipulation of fact supported Appellant's guilt of assault consummated by a battery.

During presentencing testimony, the military judge asked BI, "You never moved away or pushed away the hand, it stopped voluntarily?" (R. at 129.) She answered, "I did push his hand away." (*Id.*) During closing argument, defense counsel requested that the military judge not consider that testimony, as it conflicted with the stipulation of fact. The military judge did not comment on the argument.[1] Appellant now contends that this contradictory evidence tended to deny him a fair sentencing hearing.

We see no contradiction and no error. Testimony may go beyond the stipulation of fact without consequence, so long as providence is not undermined, unless there is an agreement not to introduce such evidence. *See United States v. Terlep*, 57 M.J. 344, 348 (C.A.A.F. 2002).

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

---

[1] The Government argues that we need not be concerned about this issue, since the military judge is presumed to know the law. This argument is weak at best, since the military judge himself elicited the testimony and did not disavow it.

Judges HAMILTON and LUCE concur.



For the Court,


Sarah P. Valdes
Clerk of the Court